UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

|

WYNSTREAM HOLDINGS LIMITED,   |
    120 Earhart Drive   |
    Williamsville, NY 14221   |
TECHFRYS CORPORATION,   |       <u>COMPLAINT</u>
    120 Earhart Drive   |
    Williamsville, NY 14221   |
              Plaintiffs,   |   Civil Action No. _____
- v -   |
   |   *Presiding Judge to be determined*
LIBERTY MUTUAL INSURANCE COMPANY,   |   *upon judicial assignment*
    175 Berkeley Street   |
    Boston, MA 02116   |   JURY TRIAL DEMANDED
OHIO SECURITY INSURANCE COMPANY,   |
    175 Berkeley Street   |
    Boston, MA 02116   |
              Defendant.   |

_____|

Plaintiffs Wynstream Holdings Limited ("Wynstream") and Techfrys Corporation ("Techfrys") (collectively as "Plaintiffs") by and through their attorneys, Duke Holzman Photiadis & Gresens LLP, as and for their Complaint against Defendants Liberty Mutual Insurance Company ("Liberty") and Ohio Security Insurance Company ("Ohio Security") (each as "Defendant" and collectively as "Defendants"), states and alleges as follows:

<u>INTRODUCTION</u>

1.    The instant matter arises from: (a) contracts of insurance entered into between Plaintiffs and Defendants; and (b) Defendants' breach of those insurance contracts by failing to provide full and complete coverage benefits, pursuant to the terms therein, for a fire loss on July 20, 2021, and potential, alleged liability arising therefrom.

<u>PARTIES</u>

2.     Wynstream is a corporation organized under the laws of Canada with its principal place of business located in the State of New York, County of Erie.

3.     Techfrys is a corporation organized under the laws of New York with its principal place of business located in the State of New York, County of Erie

4.     Upon information and belief, Liberty was and is an insurance company organized under the laws of the State of Massachusetts and duly authorized to transact insurance business in the State of New York.

5.     Upon information and belief, Ohio Security was and is an insurance company organized under the laws of the State of New Hampshire and duly authorized to transact insurance business in the State of New York.

<u>JURISDICTION AND VENUE</u>

6.     This Court has jurisdiction over this action pursuant to the principles of pendant and supplemental jurisdiction under 28 U.S.C. § 1367 and based upon complete diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332(a) because (i) the matter in controversy exceeds the sum or value of $75,000.00 and (ii) is between citizens of different States.

7.     Personal jurisdiction exists over Defendants because Defendants conduct business in the State of New York and in this District, have caused and continue to cause damage to Plaintiffs in this District, and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

8.      Venue is proper in this District under 28 U.S.C § 1391(b) because (i) Defendants conduct business in this District, (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District, and (iii) Defendants caused damage to Plaintiffs in this District.

FACTS

I.      THE WYNSTREAM POLICY

9.      At all relevant times, Wynstream owned and operated its business at certain real property located at 120 Earhart Drive, Williamsville, New York 14221 (the "Premises")

10.     Defendants issued and delivered to Wynstream an insurance policy bearing the policy number BKS 592576171, inclusive of any and all iterations, renewals, reinstated versions, or other versions of the referenced policy (the "Wynstream Policy").

11.     The Wynstream Policy was issued in consideration of a premium which was paid to, and received and retained by, Defendants.

12.     Wynstream is identified in the Wynstream Policy as the "Named Insured."

13.     The Wynstream Policy provides property casualty insurance coverage for various causes of loss or damage, including without limitation, damage due to fire for the Premises and Wynstream's business property, and business interruption.

14.     The Wynstream Policy provides commercial general liability ("CGL") insurance coverage for various causes of loss or damage, including without limitation, Defendants' express duty to defend Wynstream against any suit even if the allegations of the suit are groundless, false, or fraudulent.

15.     In or around March 2019, Defendants erroneously and mistakenly cancelled the Wynstream Policy.

16.     Upon discovery of the erroneous cancellation, Wynstream immediately contacted Defendants to ensure the Wynstream Policy was reinstated.

17.     On or around March 20, 2019, Defendants sent Wynstream a written reinstatement notice, that expressly provided that Defendants processing department would "reinstate your [Wynstream's] package policy effective 03/11/2019 . . . and will reach out to you if there are any issues."

18.     Despite Defendants' express acknowledgement of their error and written representations that the Wynstream Policy would be reinstated effective March 11, 2019, Defendants intentionally, negligently, or in gross disregard of their contractual and common law duties to Wynstream, failed to reinstate the Wynstream Policy.

II.     THE TECHFRYS POLICY

19.     At all relevant times, Techfrys operated its business at the Premises.

20.     Defendants issued and delivered to Techfrys an insurance policy, inclusive of any and all iterations, renewals, reinstated versions, or other versions of the referenced policy (the "Techfrys Policy").

21.     The Techfrys Policy was issued in consideration of a premium which was paid to, and received and retained by, Defendants.

22.     Techfrys is identified in the Techfrys Policy as the "Named Insured."

23.     The Techfrys Policy provides property casualty insurance coverage for various causes of loss or damage, including without limitation, damage due to fire for the Premises, Techfrys' business property, and business interruption.

24.     The Techfrys Policy provides commercial general liability ("CGL") insurance coverage for various causes of loss or damage, including without limitation, Defendants' express

duty to defend Techfrys against any suit even if the allegations of the suit are groundless, false, or fraudulent.

III.   THE LOSS

25.     On or about July 20, 2021, the Premises and Plaintiff's business personal property was damaged by a fire (the "Loss").

26.     Plaintiffs promptly reported the Loss to Defendant.

27.     At all relevant times after the Loss, Defendants had access to the Premises, with full opportunity to inspect the Premises.

28.     A joint inspection of the Premises was held on October 19, 20, and 21, 2021.

29.     Plaintiffs engaged The PA Firm, LLC d/b/a Buffalo Public Adjusters ("BPA") as their public adjuster.

30.     Plaintiffs' representative, Mark Yin, has been examined under oath, virtually via Zoom, by Defendants' counsel on March 30, 2022.

31.     Plaintiffs timely complied with all requests made by Defendants and satisfied all conditions necessary to afford coverage under the Policy.

32.     Nonetheless, Defendants failed to satisfy their express obligations under the Policy and New York Insurance Law.

33.     On July 27, 2021, three entities—Foam Depot, Inc., MedCare Storage, LLC, and Premium PPE, LLC—commenced litigation via a summons with notice against Wynstream captioned *Foam Depot, Inc., et al. v. Wynstream Holdings Ltd.*, Erie County Index No. 810198/2021 (the "Initial Action").

34.     The Initial Action alleges "the negligence of [Wynstream] resulted in a fire at 120 Earhart Drive, causing significant loss to the Plaintiffs."

35.     On December 21, 2021, American Guarantee and Liability Insurance Company ("AG"), as subrogee of certain entities claiming to have had property damaged in the fire, commenced suit against Wynstream and Techfrys, among other defendants, captioned *American Guarantee and Liab. Ins. Co. v. Wynstream Holdings, Ltd., et al.*, Erie County Index No. 816964/2021 (the "Subrogation Action").

36.     The Subrogation Action alleges, among other things, negligence on behalf of Wynstream and Techfrys in causing and/or contributing to the fire, thereby causing damage to the plaintiff(s).

37.     The parties subsequently consolidated the Initial Action and Subrogation Action under the exclusive purview of the Subrogation Action.

38.     Wynstream and Techfrys dispute any liability for the fire and assert counterclaims against the other entities for the cause of the fire.

39.     Notwithstanding, legal proceedings have been commenced against Plaintiffs, for which Plaintiffs tendered the defense and indemnification to Defendants under the Wynstream Policy and Techfrys Policy respectively.

40.     Defendants failed to timely investigate the Loss, failed to timely make a coverage decision, and failed to even reserve their rights with respect to the defense and/or indemnification of the Loss.

41.     Defendants' failures constitute a breach of both the Wynstream Policy and Techfrys Policy.

42.     Plaintiffs suffered damages as a result of Defendants' wrongful conduct.

FIRST CAUSE OF ACTION
BREACH OF CONTRACT
(Declaratory Judgment and Damages)

43.     Plaintiffs repeat and reallege the allegations set forth above with the same force and effect as if fully set forth hereafter and incorporated herein.

44.     Defendants wrongfully and unjustifiably failed and refused to accept their contractual obligations under the respective insurance policies, including, without limitation, the obligation to defend, reimburse defense costs, and/or indemnify Plaintiffs for the claims in the Initial Action and Subrogation Action (collectively the "Underlying Matters") in accordance with the terms of the Policy.

45.     To the extent Defendants contend there is no coverage, Plaintiffs dispute each and every basis upon which Defendants would rely to disclaim coverage.

46.     The allegations contained in the Underlying Matters are covered under the policies and entitle Plaintiffs to recovery for the defense costs incurred, and which will continue to be incurred, in the defense and litigation of the Underlying Matters.

47.     As a result of the foregoing, a substantial controversy exists concerning the rights and obligations of the parties with respect to the policies.

48.     The policies are valid and binding contracts.

49.     Plaintiffs performed all their obligations under the policies.

50.     Defendants breached their obligations under the Policy for wrongfully and unjustifiably refusing to defend, indemnify, and/or reimburse Defense Costs to Plaintiffs in connection with the Underlying Matters.

- 7 -

51.     The aforesaid wrongful and unjustifiable refusal to defend, indemnify, and/or reimburse Plaintiffs' Defense Costs is in bad faith and seeks to deprive Plaintiffs of the benefit of the bargain under the Policy.

52.     Plaintiffs were forced to secure their own counsel and have incurred substantial damages, including Defense Costs, as a result of Defendants breaches.

53.     Defendants have a non-waivable conflict of interest in selecting counsel for Plaintiffs as a result of their breaches, the factual circumstances presented, and, upon information and belief, their conduct during the course of the investigation of the Loss.

54.     Defendants' conduct has placed Plaintiffs in the precarious position of having now been in active litigation for over eight (8) months with no support, contribution, or financial reimbursement from Defendants.

55.     Plaintiffs would be substantially prejudiced if Defendants attempted to substitute counsel of its choice at this late stage of the Underlying Matters litigation.

56.     Moreover, Defendants are not entitled to select Plaintiffs' counsel pursuant to New York Insurance Law and as a result of their breaches of the policies.

57.     As such, Plaintiffs are entitled to continued representation by counsel of their own choosing and reimbursement of the Defense Costs incurred therefor and associated therewith.

58.     Plaintiffs are also entitled to indemnification for any damages assessed or attributed to Plaintiffs, whether joint or several, in the Underlying Matters.

59.     As a direct and proximate result of defendants' breaches, Plaintiffs suffered damages in an amount to be proven at trial, in an amount exceeding the jurisdictional limits of this Court, plus interest.

60.     For the forgoing reasons, Plaintiffs are entitled to:

a. Declaratory Judgment such that Plaintiffs are entitled to continued representation by counsel of their choosing as well as reimbursement for the Defense Costs associated therewith and therefor; and

b. Judgment against Defendants for damages, in an amount to be determined at trial for Defense Costs incurred to date and to be incurred with the litigation.

<u>CONCLUSION</u>

WHEREFORE, Plaintiffs Wynstream Holdings Limited and Techfrys Corporation respectfully request that this Court enter judgment against Defendants Liberty Mutual Insurance Company and Ohio Security Insurance Company for declaratory judgment, damages, and such other and further relief as the Court deems just and proper.

Dated:   Buffalo, New York
August 18, 2022

DUKE HOLZMAN PHOTIADIS & GRESENS LLP

By:     s/ *Christopher M. Berloth*
Christopher M. Berloth, Esq.
Robert C. Carbone, Esq.
*Attorneys for Plaintiffs*
701 Seneca Street, Suite 750
Buffalo, New York 14210
Tel: (716) 855-1111
cberloth@dhpglaw.com
rcarbone@dhpglaw.com