UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

WYNSTREAM HOLDINGS LIMITED and
TECHFRYS CORPORATION,

                        Plaintiff,                    Case No.: 1-22-CV-00623

   -v-

LIBERTY MUTUAL INSURANCE COMPANY and
OHIO SECURITY INSURANCE COMPANY,      **ANSWER TO COMPLAINT**

                        Defendant,

------------------------------------------------------------------------X

        Defendants, LIBERTY MUTUAL INSURANCE COMPANY and OHIO SECURITY INSURANCE COMPANY (collectively "Answering Defendants"), by a through its undersigned attorneys, Zelle LLP, as and for its Answer and Affirmative Defenses to Plaintiff's Complaint dated August 18, 2022 respond as follows:

## INTRODUCTION

        1.     Answering Defendants deny the allegations of Paragraph 1 as a legal conclusion to which no responsive pleading is required but aver that the matter arises from an insurance contract between Answering Defendants and Plaintiffs.

## PARTIES

        2.     Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

        3.     Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Answering Defendants admit that Liberty Mutual Insurance Company was and is a Massachusetts insurance company authorized to underwrite insurance business in the State of New York

5. Answering Defendants admit that Ohio Security Insurance Company was and is a New Hampshire insurance company authorized to underwrite insurance business in the State of New York.

## JURISDICTION AND VENUE

6. Answering Defendants deny the allegations of Paragraph 6 as a legal conclusion to which no responsive pleading is required.

7. Answering Defendants deny the allegations of Paragraph 7 as a legal conclusion to which no responsive pleading is required.

8. Answering Defendants deny the allegations of Paragraph 8 as a legal conclusion to which no responsive pleading is required.

## FACTS

I. THE WYNSTREAM POLICY

9. Answering Defendants admit that Wynstream Holdings Limited owned property located at 120 Earhart Drive, Williamsville, New York 14221 and denies sufficient knowledge or information to form an informed belief as to the remaining allegations of Paragraph 10.

10. Answering Defendants deny the allegations in Paragraph 10 except to aver that it issued Policy BKS592576171, the terms and conditions of which speak for themselves.

11. Answering Defendants deny the allegations of Paragraph 11.

12. Answering Defendants deny the allegations of Paragraph 12 except to aver that the terms and conditions of policy BKS 592576171 speak for themselves.

13. Answering Defendants deny the allegations of Paragraph 13 except to aver that the terms and conditions of policy BKS 592576171 speak for themselves.

14. Answering Defendants deny the allegations of Paragraph 14 except to aver that the terms and conditions of policy BKS 592576171 speak for themselves.

15. Answering Defendants deny the allegations of Paragraph 15.

16. Answering Defendants deny the allegations of Paragraph 16.

17. Answering Defendants admit sending a correspondence on March 20, 2019 the contents of which speak for themselves.

18. Answering Defendants deny the allegations of Paragraph 18 as a legal conclusion to which no response is required; to the extent a response is required, Answering Defendants deny the allegations of Paragraph 18.

II. THE TECHFRYS POLICY

19. Answering Defendants deny knowledge or information to form and informed belief as to the allegations of Paragraph 19.

20. Answering Defendants deny the allegations in Paragraph 20 except to aver that it issued Policy BKS57305038, the terms and conditions of which speak for themselves.

21. Answering Defendants deny the allegations in Paragraph 21 except to aver that it issued Policy BKS57305038, the terms and conditions of which speak for themselves and to acknowledge that Techfrys paid a premium.

22. Answering Defendants deny the allegations of Paragraph 22 except to aver that the terms and conditions of policy BKS57305038 speak for themselves.

23. Answering Defendants deny the allegations of Paragraph 23 except to aver that the terms and conditions of policy BKS57305038 speak for themselves.

24. Answering Defendants deny the allegations of Paragraph 24 except to aver that the terms and conditions of policy BKS57305038 speak for themselves.

### III. THE LOSS

25. Answering Defendants deny the allegations of Paragraph 25 except to aver that a fire occurred at 120 Earhart Drive on July 20, 2021.

26. Answering Defendants deny knowledge or information sufficient to form an informed belief as to the allegations of Paragraph 26.

27. Answering Defendants deny the allegations of Paragraph 27.

28. Answering Defendants admit the allegations of paragraph 28.

29. Answering Defendants admit the allegations of Paragraph 29.

30. Answering Defendants admit that Mark Yin appeared for an Examination Under Oath on March 30, 2022.

31. Answering Defendants deny the allegations of Paragraph 31.

32. Answering Defendants deny the allegations of Paragraph 32 as a legal conclusion to which no responsive pleading is required, and to the extent that a responsive pleading is required Answering Defendants deny the allegations.

33. Answering Defendants admit the allegations of Paragraph 33 and adopt the definition of "Initial Action" for the purposes of this Answer.

34. Answering Defendants deny the allegations of Paragraph 34 except to admit that the allegations of the Initial Action speak for themselves.

35. Answering Defendants admit the allegations of Paragraph 35 and adopt the definition of "Subrogation Action" for the purposes of this Answer.

Case 1:22-cv-00623-LJV-HKS   Document 11   Filed 10/31/22   Page 5 of 11

36. Answering Defendants deny the allegations of Paragraph 36 as a legal conclusion to which no response is required except to aver that the allegations of the Subrogation Action speak for themselves.

37. Answering Defendants deny the allegations of Paragraph 37 as a legal conclusion to which no response is required.

38. Answering Defendants deny the allegations of Paragraph 38 as a legal conclusion to which no response is required.

39. Answering Defendants deny the allegations of Paragraph 39 as a legal conclusion to which no response is required.

40. Answering Defendants deny the allegations of Paragraph 40.

41. Answering Defendants deny the allegations of Paragraph 41.

42. Answering Defendants deny the allegations of Paragraph 42.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT
### (Declaratory Judgment and Damages)

43. Answering Defendants repeat and reallege the responses set forth in the proceeding paragraphs with the same force and effect as if each were more fully set forth and incorporated herein.

44. Answering Defendants deny the allegations of Paragraph 44 as a legal conclusion to which no responsive pleading is required, and to the extent that a responsive pleading is required Answering Defendants deny the allegations.

45. Answering Defendants deny the allegations of Paragraph 45 as a legal conclusion to which no responsive pleading is required, and to the extent that a responsive pleading is required Answering Defendants deny that Answering Defendants have no basis to disclaim coverage.

46. Answering Defendants deny the allegations of Paragraph 46 as a legal conclusion to which no responsive pleading is required, and to the extent that a responsive pleading is required Answering Defendants deny the allegations.

47. Answering Defendants deny the allegations of Paragraph 47 as a legal conclusion to which no responsive pleading is required, and to the extent that a responsive pleading is required Answering Defendants deny the allegations.

48. Answering Defendants admit its Policies are binding contracts and further aver that the Terms and Conditions of those Policies speak for themselves.

49. Answering Defendants deny the allegations of Paragraph 49.

50. Answering Defendants deny the allegations of Paragraph 50.

51. Answering Defendants deny the allegations of Paragraph 51 as a legal conclusion to which no responsive pleading is required, and to the extent that a responsive pleading is required Answering Defendants deny the allegations.

52. Answering Defendants deny knowledge and information sufficient to form an informed belief as to the allegations of Paragraph 52.

53. Answering Defendants deny the allegations of Paragraph 53 as a legal conclusion to which no responsive pleading is required, and to the extent that a responsive pleading is required Answering Defendants deny the allegations.

54. Answering Defendants deny the allegations of Paragraph 54.

55. Answering Defendants deny the allegations of Paragraph 55.

56. Answering Defendants deny the allegations of Paragraph 56 as a legal conclusion to which no responsive pleading is required, and to the extent that a responsive pleading is required Answering Defendants deny the allegations.

57. Answering Defendants deny the allegations of Paragraph 57 as a legal conclusion to which no responsive pleading is required, and to the extent that a responsive pleading is required Answering Defendants deny the allegations.

58. Answering Defendants deny the allegations of Paragraph 58 as a legal conclusion to which no responsive pleading is required, and to the extent that a responsive pleading is required Answering Defendants deny the allegations.

59. Answering Defendants deny the allegations of Paragraph 59 as a legal conclusion to which no responsive pleading is required, and to the extent that a responsive pleading is required Answering Defendants deny the allegations.

60. Answering Defendants deny the allegations of Paragraph 60 and related subparagraphs as a legal conclusion to which no responsive pleading is required, and to the extent that a responsive pleading is required Answering Defendants deny the allegations.

## AS AND FOR ANSWERING DEFENDANTS' AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs fail, in whole or in part, to state a cognizable legal claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claim is not covered, in whole or in part, by the Policy.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff, Wynstream Holdings Limited failed to pay insurance premiums.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs failed to mitigate their damages.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs failed to cooperate with Answering Defendants in the defense of the Initial Action and Subrogation Action.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiffs' lawsuit is premature as it has not complied with all conditions precedent to coverage.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiffs' requested relief is barred, in whole or in part, by the following provision

**1.    Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs' requested relief is barred, in whole or in part, by the following provision

**2.    Exclusions**

This insurance does not apply to:

* * *

    **b.    Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claim is limited to the sublimits of coverage provided under the Policies.

## TENTH AFFIRMATIVE DEFENSE

10. To the extent any recovery is awarded, said recovery should be subject to the terms of policy including deductibles, sublimits, and valuations as actual cash value.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiffs' claimed costs are barred, in whole or in part, because they include costs for the pursuit of affirmative relief which are not covered by the Policies.

## TWELFTH AFFIRAMTIVE DEFENSE

12. Plaintiff's claim is barred, in whole or in part, by the following provisions:

**2.   Duties In The Event of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as as soon as practicable of an "occurrence" or an offence which may result in a claim. To the extent possible, notice should include:

(1)   How, when and where the "occurrence" or offense took place.

(2)   The names and address of any injured persons and witnesses; and

(3)   The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If claim is made or "suit" is brought agains any insured, you must:

(1)   Immediately record the specifics of the claim or "suit" and the date received; and

(2)   Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may appy.

**d.** No insured will, except at that insured's own cost voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid without our consent.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiffs' claim is barred, in whole or in part, by the following provisions of the Policies:

**3.    Legal Action Against Us**

No person or organization has a right under this Coverage Part:

a. To join us as a party or otherwise bring us into "suit" asking for damages from an insured; or

b. To sue us on this Coverage Part unless all of its terms have been fully complied with.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiffs' claim is barred in whole are in part by the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Answering Defendants reserve the right to assert any and all additional affirmative defense as may be revealed by further discovery and/or investigation.

WHEREFORE, Answering Defendant demands that Plaintiffs' Complaint be dismissed with prejudice and that judgment be entered in favor of Answering Defendant and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 31, 2022

ZELLE LLP

By: _____
Matthew L. Gonzalez, Esq.
Alexander W. Cogbill, Esq.
Attorney for Defendant
45 Broadway, Suite 920
New York, New York 10006
(646) 876-4420
mgonzalez@zelle.com
acogbill@zelle.com